UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           : Case No.: 24 Cr. 497 (DLC)
                                           :
              vs.                          :
                                           :
BIANNEURY PENA ,                           :
                                           :
              Defendant.                   :
                                           :
                                           :
------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS

Martin S. Bell
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: martin.bell@stblaw.com

*Attorney for Bianneury Pena*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1
FACTUAL BACKGROUND ...................................................................................................... 2
      A.      The Indictment ...............................................................................................2
      B.      Defense Counsel's Conferral with the Government ...............................................2
ARGUMENT ............................................................................................................................. 3
      A.      Legal Standard ...............................................................................................3
      B.      Mr. Pena is Entitled to a Bill of Particulars. ......................................................... 4
CONCLUSION ......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*United States v. Bortnovsky,* 820 F.2d 572 (2d Cir. 1987) .............................................................. 3
*United States v. Walsh*, 197 F.3d 37  (2d Cir. 1999) ...................................................................... 3
*United States v. Barnes*, 158 F.3d 662, 665-66 (2d Cir. 1998)....................................................... 4
*United States v. Lino*, 2000 U.S. Dist. LEXIS 18753 (S.D.N.Y. Dec. 29, 2000) .......................... 4
*United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984)  ........................................................ 4
*United States v. Tournant*, 2023 U.S. Dist. LEXIS 222329 (S.D.N.Y. Dec. 13, 2023)  ................ 4
*United States v. Veliotis,* 1984 U.S. Dist. LEXIS 20407 (S.D.N.Y. Jan. 16, 1984) ....................... 4

Defendant Bianneury Pena moves the Court under Rule 7(f) of the Federal Rules of Criminal Procedure for an order compelling the Government to provide a bill of particulars advising him of the specific acts of which he is accused. Accordingly, Mr. Pena seeks detail and specificity concerning Count One of the Superseding Indictment, which asserts that Mr. Pena conspired to violate 18 U.S.C. §§ 933(a)(1) and 933(a)(2) – specifically, what the predicate felony is supposed to have been with respect to the two listed objects of the conspiracy.

## PRELIMINARY STATEMENT

Count One of the Superseding Indictment contains allegations that Mr. Pena, along with other unknown, unnamed individuals, conspired to traffic firearms in violation of 18 U.S.C. §§ 933(a)(1) and 933(a)(2). In three brief, conclusory paragraphs, the Government's allegations constitute a restatement of the statutory language, offering little to no insight into critical details necessary to apprise Mr. Pena of the precise acts the Government asserts were the objects of the conspiracy.

In the case of 18 U.S.C. §§ 933(a)(1) and 933(a)(2), a novel and to-date little used suite of statutes that allege as objects of the conspiracy that the use, carrying, possession, or receipt of a firearm "will constitute a felony" – specific knowledge that any defendant would have to have at the time of the conspiracy. They would also need to share a sufficient factual understanding to have a specific felony in their collective mind. Accordingly, Mr. Pena is entitled to a bill of particulars specifying *which felony would be committed* by the use, carrying, possession, or receipt of a firearm as envisioned by the alleged co-conspirators, or by the firearm's receipt.

## FACTUAL BACKGROUND

### A. The Indictment

In Count One of its Superseding Indictment (hereto attached as Exhibit A) originally filed on August 28, 2024, the Government charges Defendant Bianneury Pena ("Mr. Pena") with firearms trafficking conspiracy in violation of 18 U.S.C. §§ 933. Dkt. No. 55. In that Count, the Government alleges that Mr. Pena, along with "others known and unknown" and his brother-in-law and co-defendant, Abel Rosario ("Mr. Rosario"), "willfully and knowingly combined, conspired, confederated, and agreed together" to commit offenses in violation of 18 U.S.C. §§ 933(a)(1) and 933(a)(2). *Id.* The Indictment alleges two objects of the supposed conspiracy: (1) that Mr. Pena and Mr. Rosario, along with other unnamed individuals, agreed to "ship, transport, transfer, and cause to be transported, and otherwise dispose of a firearm" knowing that the "the use, carrying, and possession of a firearm by the recipient would constitute a felony," in violation of 18 U.S.C. § 933(a)(1); and (2) that Mr. Pena and Mr. Rosario, along with other unnamed individuals, received a firearm "knowing and having reasonable cause to believe that such receipt would constitute a felony" in violation of 18 U.S.C. § 933(a)(2). *Id.*

### B. Defense Counsel's Conferral with the Government

On April 28, 2025, the Defense made a written request via email to the Government for certain particulars. The Defense's request included specification of the drug trafficking offense as the predicate felony for 18 U.S.C. §§ 933(a)(1) and 933(a)(2). *Id.* Specifically, the Defense requested that the Government specify the "statute violated, quantity, date(s), [and] drug(s) involved. *Id.* The Government responded that, "the applicable statutes are 21 U.S.C. §§ 846 and 841(b)(1)(C)," that "the drug is cocaine of an unspecified weight," and that "[t]he dates are approximately May to June 2024." *Id.* The Government has since backpedaled from that representation, and suggested in the days before this filing that it may not settle upon a specific

predicate felony until the charging conference, if it is forced to at all.  Earlier today, contemporaneous with this filing, the Government filed proposed requests to charge that list, as potential predicates for the jury's consideration, no fewer than *eight* potential felonies under state (three) and federal (five) law that we can only assume are meant to keep the Government's options open well into deliberations.

Admiring as we are of that tactical move, Mr. Pena's liberty is at stake, and he has a right to know what specifically he is being accused of conspiring to make happen.  This is particularly true since we believe that a number of the purported felonies listed are not, in fact, instances in which use, carrying, possession or receipt would, on their own, "constitute" the offenses under the statute.  The Government, which has access to all of the evidence and the ability to preview its own case, should pick conspiracy object so that Pena can put up a proper defense.

## ARGUMENT

### A.  Legal Standard

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars . . . before or within 14 days after arraignment or at a later time if the court permits."  Rule 7(f) permits a defendant to seek a bill of particulars "in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987).  A bill of particulars is required where "the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Walsh*, 197 F.3d 37, 47 (2d Cir. 1999) (internal quotation marks omitted).  The prosecution generally need not particularize all of its evidence if

4

the defendant s adequately informed of the charges against him.  *United States v. Barnes*, 158 F.3d 662, 665-66 (2d Cir. 1998).  However, "if necessary to give the defendant enough information about the charge to prepare his defense, a bill of particulars will be required even if the effect is disclosure of the Government's evidence or theories." *United States v. Lino*, 2000 U.S. Dist. LEXIS 18753, at *12 (S.D.N.Y. Dec. 29, 2000).  The decision of "[w]hether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984).

The inquiry of whether a bill of particulars is required necessitates review of the sufficiency of the indictment.  In determining the indictment's sufficiency, courts consider several factors, including "the complexity of the crime charged; whether the government has provided adequate notice of the particulars; the potential danger to co-conspirators, witnesses, or victims; and the nature of the alleged criminal conduct." *United States v. Tournant*, 2023 U.S. Dist. LEXIS 222329, at *7 (S.D.N.Y. Dec. 13, 2023).  Indeed, "the principal function of a bill of particulars is to apprise the defendant of the essential facts of the crime for which he has been indicted, particularly where the indictment does little more than track the statutory language." *United States v. Veliotis*, 1984 U.S. Dist. LEXIS 20407, at *8 (S.D.N.Y. Jan. 16, 1984).

### B.  Mr. Pena is Entitled to a Bill of Particulars.

In three short paragraphs, the Government's allegations in Count One amount to little more than a recitation of the statutory language of 18 U.S.C. § 933.  In detailing the objects of the alleged conspiracy, the Government simply repeats the prohibitions of 18. U.S.C. §§ 933(a)(1) and 933 (a)(2), asserting that the objects of the supposed conspiracy were to ship and receive a firearm knowing that such conduct would constitute a felony.  *See id.*  There is no mention of *what* felony the transfer of the firearm might constitute – a massive informational gap that is impermissible a month before trial for at least two reasons.

First, this gap does not allow Pena to plan for trial.  There's a big difference in gathering information from the treasury of voice messages that the Government has assembled and produced and finding (1) proof that Pena knew that the weapons were unregistered, versus (2) proof that Pena knew that his brother-in-law was also undocumented, versus (3) proof that Pena knew that the guns were being transported to be used in relation to an unspecified drug trafficking crime.  Were one to ask the Government which of these was the predicate felony they were meant to defend against at trial, the Government's current response would be, "All of them, and any others we should happen to think up as the evidence is presented."  That's effectively a non-answer, and that's not how this is supposed to work.  Because Pena's ability to prepare for trial hinges substantially on an understanding of what felony he and the other conspirators were supposed to know the transfer would constitute, the Government should specify it now.

Second, not specifying a predicate felony presently creates an avoidable problem.  Some of the predicate felony "candidates" the Government lists in its requests to charge are not, in fact, legally cognizable as predicate felonies.  The mere transfer of weapons, for example, might *constitute* a felony if one of the people involved were a prohibited person – a convicted felon, for example.  But the mere transfer of weapons does not, and cannot, *constitute* an offense under 18 U.S.C. 924(c).  Other things have to be happening – a drug trafficking crime, specifically.  This is at odds with what "constitute" means.  The Government's failure to identify its purported felony predicate before trial, in addition to robbing Pena of an opportunity to prepare, also potentially wastes time on felony predicates that are not eligible for that status and will ultimately be ruled out of consideration by the Court.  That set of circumstances helps no one.

We therefore merely ask the Court to force the Government to do what it should do freely and gladly under the Constitution: clarify what behavior it is accused of by identifying the felony

predicate at issue with respect to each of the objects of the conspiracy alleged in Count One. We ask that the Court save itself and the parties some time, vindicate the notion that Mr. Pena is entitled to notice of upon what facts the Grand Jury returned the Indictment and of what the Government will seek to prove at trial, and help us avoid messy arguments during and after trial.

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Pena's motion and order the Government to submit a bill of particulars specifying: the felony predicate at issue with respect to each of the objects of Count One.

Dated: New York, New York
June 13, 2025

SIMPSON THACHER & BARTLETT LLP

By *Martin S. Bell*_____
Martin Bell
Melissa Bueno
425 Lexington Avenue
New York, NY 10017-3954
Telephone: +1-212-455-2000
Facsimile: +1-212-455-2502

*Attorney for Bianneury Pena*