

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 24, 2025

**BY ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>*United States v. Bianneury Pena*</u>, S1 24 Cr. 497 (DLC)

Dear Judge Cote:

    The Government writes in response to the Court's Order of June 20, 2025 for a response to the defendant's motion for a bill of particulars, filed on June 13, 2025. (ECF Nos. 75, 70, 71). For the reasons set forth below, the Court should deny the motion for a bill of particulars and defer the request for additional briefing.

    In his motion for a bill of particulars, the defendant requests information from the Government "specifying which felony would be committed by the use, carrying, possession, or receipt of a firearm as envisioned by the alleged co-conspirators, or by the firearm's receipt" for purposes of the gun trafficking conspiracy charged in Count One, in violation of 18 U.S.C. § 933. ECF No. 70 at 1. Additionally, the defendant's pretrial memorandum requests an opportunity to brief his objections to the inclusion of certain felonies in the Court's jury charge on the § 933 charge. Both of these requests should be denied.

    Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to apprise [a] defendant of the essential facts of a crime," *United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977), and to otherwise "ensure that a defendant has the information necessary to prepare a defense." *United States v. Mahabub*, No. 13 Cr. 908 (AJN), 2014 WL 4243657, at *2 (S.D.N.Y. Aug. 26, 2014). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (internal quotation marks and citation omitted). The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court. *Id.* at 162.

    To begin with, the Government has already provided the information requested by the defendant in its Requests to Charge, which lists five federal felony offenses (18 U.S.C. §§ 922(g)(5), 924(c), 922(a)(1)(A), 924(n), and 922(a)(3)) and three New York felony offenses

(N.Y.P.L. §§ 265-01-b, 265.11(1), and 265.11(2)).  ECF No. 63.  None of these felony offenses should be a surprise to the defendant.  Section 922(g)(5) relates to possession of firearms by illegal aliens, and §§ 922(a)(1)(A), 924(n), and 922(a)(3) all relate to unlicensed firearms dealing or interstate transportation of firearms.  Similarly, § 924(c) relates to the "use, carrying, or possession" of firearms by individuals involved in a drug trafficking crime, and the Government's Requests to Charge specifically reference the drug trafficking conspiracy charged in Count Three of the Indictment.  The New York state felonies listed in the Government's Request to Charge similarly involve the unlicensed possession and sale of firearms.

Especially given that the Government has now provided substantial information about this case to the defendant through a detailed complaint, Requests to Charge, the Rule 16 discovery materials, and the Government's *motions in limine*, the defendant is not entitled to a bill of particulars requiring the Government to provide even more information about how these predicate offenses will relate to the charged gun trafficking conspiracy.  *See United States v. Triana-Mateus*, No. 98 Cr. 958 (SWK), 2002 WL 562649, at *5 (S.D.N.Y. Apr. 15, 2002) ("The Government is not required to disclose the manner in which it will attempt to prove the charges, nor the means by which the crimes charged were committed."); *United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977) (explaining that a bill of particulars "is not an investigative tool for the defendant," and "the law does not impose upon the Government an obligation to preview its case or expose its legal theory," or "particularize all of its evidence").

Similarly, to the extent that the defendant believes that there will be insufficient evidence at trial to justify any of these predicate felonies from being included in the Court's jury instructions, the defendant can raise objections to these predicate felonies at any time during or before the Court's charge conference.

Finally, the defendant suggests that he has received insufficient information about the identities of his co-conspirators and cannot fully anticipate which text and voice messages may be used against him at trial.[1] While the Government respectfully disagrees with these allegations, it does not appear that the defendant is seeking any requested relief, other than reserving the right to ask to defer the defense opening until after the Government rests. The Government does not object to the defendant's request to potentially defer his opening statement.

    Respectfully submitted,

    JAY CLAYTON
    United States Attorney

By:   /s/
    Ashley C. Nicolas
    Brandon D. Harper
    Assistant United States Attorneys

cc:     Counsel of Record (by ECF)

---

[1] The Government will produce its proposed exhibits to the defendant in advance of trial and to the Court consistent with the Court's Individual Rules for Trial Practice in Criminal Cases.